IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

DANNY OVERTON CRUSE,                                                        PLAINTIFF

v.                              CASE NO. 05-2128

FRANKLIN COUNTY;
REED HAYES, Franklin County Sheriff;
MARGARET LEWIS;
JOSH ROSS, Jailer;
MATT HAMILTON, Jailer;
CHRIS MCCOY;
and Dr. GARRETH CARRICK;                                                    DEFENDANTS

**REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

Danny Overton Cruse (Plaintiff) filed this pro se civil rights action under 42 U.S.C. § 1983 on August 18, 2005.  (Doc. 1).  Plaintiff's complaint was filed *in forma pauperis* (IFP) and certified to proceed on the same date.  Plaintiff later supplemented his complaint several times.  The Defendants filed a Motion for Summary Judgment on July 23, 2007 and the Plaintiff filed a response to the Motion for Summary Judgment on October 3, 2007 (Doc. 61).[1]  The Motion for Summary Judgment was referred to the undersigned for a report and recommendation.

**I. Background**

Plaintiff alleges he was denied medical care from July 15, 2005 through August 9, 2005 for head trauma and rib injury which occurred prior to Plaintiff's arrest.  Plaintiff also alleges theft of his legal material kept in his cell.   Since the time of his original complaint, Plaintiff has amended his complaint several times.  However, Plaintiff's other claims styled as a claim for deliberate

---

[1]Plaintiff's Response to Motion for Summary Judgment was in the form of answers to questions propounded by the Court to assist Plaintiff in responding to the issues raised by the Motion for Summary Judgment. Plaintiff's response was timely filed and has been considered by the Court in making this Report and Recommendation.

indifference, cruel and unusual punishment, threat to life and limb, undue punishment, incompetent personnel, abuse of power, possible permanent physical injury, "opression" of evidence, denial of due process and physical injury all stem from his denial of medical care claim. Miscellaneous other claims have been raised by Plaintiff in his Supplements to the Complaint and will be addressed below.

## II. Discussion

Summary judgment is proper if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *See* Fed.R.Civ.P. 56(c). The court views the evidence and the inferences which may be reasonably drawn from the evidence in the light most favorable to the nonmoving party. *See Adkison v. G.D. Searle & Co.*, 971 F.2d 132, 134 (8th Cir.1992). The moving party has the burden of showing the absence of a genuine issue of material fact and that it is entitled to judgment as a matter of law. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

### A. Official Capacity Claims

Plaintiff has sued Defendants in their individual and official capacities. Plaintiff's official capacity claims are tantamount to suing Franklin County. Official-capacity liability under 42 U.S.C. § 1983 occurs only when a constitutional injury is caused by "a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy." *Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 694 (1978). Because *Monell* specifically rejected liability based solely on respondeat superior, *id.* at 691, "[a] supervisor is not vicariously liable under 42 U.S.C. § 1983 for an employee's unconstitutional activity." *White v. Holmes,* 21 F.3d 277, 280 (8th Cir.1994). Rather, official-capacity liability must be based on

deliberate indifference or tacit authorization. *Id.*

Policy or custom official-capacity liability is imposed by 42 U.S.C. § 1983 only for "constitutional deprivations visited pursuant to governmental 'custom' even though such a custom has not received formal approval through the body's official decision making channels." *Monell,* 436 U.S. at 690-91. In his Response to the Motion for Summary Judgment (Doc. 60), Plaintiff states there was a custom or policy leading to denial of medical care. However, in support of his allegations, Plaintiff offers no evidence or policy, but simply re-alleges that Defendants denied him medical services and that "theft of legal materials" occurred. (Doc. 60, ¶ 1)

Plaintiff has failed to state a custom or policy of denial of medical treatment in support of his claim. Other than his bare allegations of denial of adequate medical treatment, Plaintiff has presented no evidence of a custom or policy of Franklin County regarding medical care. Accordingly, Summary Judgment should be granted in favor of the Defendants on Plaintiff's official capacity claims.

**B.  Denial of Medical Care**

As Plaintiff was a pretrial detainee during the time of his claims, his denial of medical care claims are more properly analyzed under the due process clause of the Fourteenth Amendment than the Eighth. "The standard to be applied in assessing a pretrial detainee's claim of due process violations . . . is not entirely clear." *Spencer v. Knapheide Truck Equipment Co.*, 183 F.3d 902, 906 (8th Cir.1999). Nevertheless, "[t]he Supreme Court has held that pretrial detainees are entitled under the Fourteenth Amendment to 'at least as great' protection as that afforded convicted prisoners under the Eighth Amendment." *Id.* (quoting *City of Revere v. Massachusetts Gen. Hosp.*, 463 U.S. 239, 244 (1983).

In the absence of a clearly binding standard, the Eighth Circuit in analyzing inadequate

medical care claims brought by pretrial detainees has applied the Eighth Amendment's deliberate indifference standard. *See e.g., Hartsfield*, 371 F.3d at 456-457; *Spencer*, 183 F.3d at 905-06; *Hall v. Dalton*, 34 F.3d 648, 650 (8th Cir.1994)(analyzing a pretrial detainee's claim of inadequate medical care under the deliberate indifference standard). "In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).

The deliberate indifference standard includes "both an objective and a subjective component: 'The [plaintiff] must demonstrate (1) that [he] suffered [from] objectively serious medical needs and (2) that the prison officials (arresting officers) actually knew of but deliberately disregarded those needs.'" *Jolly v. Knudsen* 205 F.3d 1094, 1096 (8th Cir.2000) (quoting *Dulany v. Carnahan*, 132 F.3d 1234, 1239 (8th Cir.1997)). Additionally, " '[t]he prisoner must show more than negligence, more even than gross negligence, and mere disagreement with treatment decisions does not rise to the level of a constitutional violation.'" *Jolly*, 205 F.3d at 1096 (quoting *Estate of Rosenberg v. Crandell*, 56 F.3d 35, 37 (8th Cir.1995)). *See also Gregoire v. Class*, 236 F.3d 413, 417 (8th Cir. 2000) ("To establish a constitutional violation, it is not enough that a reasonable official should have known of the risk, a plaintiff must establish that the official in question did in fact know of the risk.").

"Because society does not expect that prisoners will have unqualified access to health care, deliberate indifference to medical needs amounts to an Eighth Amendment violation only if those needs are serious." *Hudson v. McMillian*, 503 U.S. 1, 9 (1992). "A medical need is serious if it is obvious to the layperson or supported by medical evidence." *Moore v. Jackson*, 123 F.3d 1082, 1086 (8th Cir.1997) (per curiam) (internal quotation and citation omitted). Deliberate indifference can be manifested by an intentional denial of or delay in providing access to medical care. *Charron v.*

*Medium Sec. Inst.,* 730 F. Supp. 987, 996 (E.D. Mo.1989).

Plaintiff claims he was denied medical care from July 15, 2005 until August 9, 2005. Plaintiff booked into the Franklin County Jail on July 15, 2005. He complained at the time of admission of several broken bones and a head injury related to the incident for which he was arrested. It was noted that EMS had "checked him out." The EMS record states that Plaintiff "seems fine." (Doc. 57, Ex. 2). Plaintiff alleges the EMS wanted to take him to the hospital, but that jail administration stated he was a restricted inmate and would not allow him to be transported.

Plaintiff was seen by Dr. Carrick on August 10, 2005. Dr. Carrick noted Plaintiff claimed to have suffered a head injury, and that Plaintiff thought he had a skull fracture. Dr. Carrick examined Plaintiff's head and chest, but could not "see anything at this point in time." (Doc. 57, Ex. 3) Dr. Carrick did not x-ray Plaintiff's ribs as three weeks had passed since the time of injury. (Doc. 57, Ex. 3) Doxycycline was prescribed for Plaintiff.

On November 11, 2005, Plaintiff was taken to the emergency room for a complaint of a fractured skull as well as a cough with chills. He was prescribed some pain medication, but the radiographs revealed "no abnormality" and a "negative chest." (Doc. 57, Ex. 5)

Plaintiff was again seen by Dr. Carrick on December 15, 2005. Plaintiff complained of headaches stemming from the incident of his arrest, but Dr. Carrick did not find any delayed reaction. (Doc. 57, Ex. 3).

On February 15, 2006 Plaintiff had a Cervical Spine Five View Study, which only showed degenerative changes to his spine. (Doc. 57, Ex. 3).

Plaintiff states he was injured from the lack of treatment he received and is still seeking medical attention for his injuries. Medical records from AHEC show recent treatment for similar

complaints to what Plaintiff had while in Franklin County. The treatment Plaintiff has received also follows that which was given while incarcerated – medication and pain management.

It appears Plaintiff's Complaint is more a disagreement with the treatment than a lack of treatment. Plaintiff complains at length about the demeanor of Dr. Carrick in examining him. However, the record reflects that Plaintiff was treated by EMS when he mentioned pain associated with his head and ribs. While Plaintiff states EMS wanted to transport him, or indicated greater care was needed, he submits no evidence to support this allegation. The record shows that Plaintiff "seems fine." The record also shows that Plaintiff was taken repeatedly to both emergency and non-emergency care for the injuries he received. There is no record of Plaintiff submitting medical grievances or other complaints which were ignored by Defendants. Accordingly, I recommend that Defendants' Motion for Summary Judgment be granted as to Plaintiff's claims of denial of medical care.

### C. Miscellaneous Claims

Plaintiff has also made claims he was housed with inmates with staff infections, pre-convicted felons were used as trustees, inadequate meals were served, jailers did not conduct hourly rounds, inadequate ventilation in the jail, harassment, verbal abuse, denial of prescriptions, denial of access to post office, denial of access to friends and family, denial of communication, using food as punishment, sexual harassment by inmate trustees, substandard nutrition, inmate trustees using drugs and alcohol and introducing it into the jail, overcrowding, and poising of inmates.

For many of these claims, Plaintiff has demonstrated no injury to himself. These include his claims of being housed with inmates who had staff infections, pre-convicted felons used as trustees, inadequate meals served, jailers not conducting hourly rounds, inadequate ventilation in the jail, using

food as punishment, sexual harassment by inmate trustees, substandard nutrition, inmate trustees using drugs and alcohol and introducing it into the jail, denial of prescriptions, and overcrowding.

Plaintiff's claims of harassment and verbal abuse are not actionable. "Generally, mere verbal threats made by a state-actor do not constitute a Section 1983 claim." *Hopson v. Fredericksen,* 961 F.2d 1374, 1378 (8th Cir.1992). "The Constitution does not protect against all intrusions on one's peace of mind. Fear or emotional injury which results solely from verbal harassment or idle threats is generally not sufficient to constitute an invasion of an identified liberty interest." *Pittsley v. Warish,* 927 F.2d 3, 7 (1st Cir.1991) (police's threats to children that they would not see their step-father again did not constitute violation of children's right to familial relations); *see Emmons v. McLaughlin,* 874 F.2d 351, 353-54 (6th Cir.1989); *Lamar v. Steele,* 698 F.2d 1286, 1286 (5th Cir.1983) (per curiam).

Plaintiff's claims of denial of access to the post office includes his claims of denial of access to friends and family and denial of communications. However, Plaintiff is not denying that he was given indigent stamps, envelopes, and paper. Plaintiff argues that relying on the indigent supplies alone is inadequate. However, the indigent supplies described by the Plaintiff of stamps, paper and envelopes on a weekly basis appear to satisfy constitutional standards. *Bounds v. Smith*, 430 U.S. 817, 824-25 (1977); *Gaines v. Lane*, 790 F.2d 1299, 1308 (7th Cir.1986).

### D. Plaintiff's Theft of Property/Legal Materials Claims

Plaintiff claims legal materials were taken from him and that he was denied access to his "legal material" in the form of a journal he was keeping. However, Plaintiff can cite no specific injury or prejudice which resulted. When asked what motions or legal actions were hindered by the taking of his journal, Plaintiff cited his inability to raise the claims of others. A prisoner can not bring claims on another's behalf. Therefore, Plaintiff has shown no prejudice as a result of the alleged

taking of his legal materials.

### E.  Poisoning of Inmates

Plaintiff makes a claim against Defendants regarding the poisoning of inmates.  It appears Plaintiff is referring to an incident where he was poisoned while at the Franklin County Detention Center.  Plaintiff's own recitation of the event clearly shows the incident was an accident where Plaintiff mistook a cup with residue of soap issued to the inmates as his coffee cup and he drank from it.  The record shows Plaintiff received prompt medical attention and Plaintiff does not dispute the attention he received.  At most, this incident rises to the point of negligence.  The Supreme Court, however, has held that negligent conduct by government officials cannot be the source of a "deprivation" of constitutional rights for section 1983 purposes. *See Davidson v. Cannon,* 474 U.S. 344, 348 (1986); *Daniels v. Williams,* 474 U.S. 327, 330-31 (1986).

### III.  CONCLUSION

For the reasons stated, I recommend that the defendants' motion for summary judgment (Doc. 55) be **GRANTED** in its entirety.

**The parties have ten days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**IT IS SO ORDERED** this **11th day of December, 2007.**

>/s/ *J.  Marschewski*
>HON.  JAMES R.  MARSCHEWSKI
>UNITED STATES MAGISTRATE JUDGE